## NATIONAL LIFE & ACCIDENT INS. CO. v. MOSES. (No. 2826.)

(Court of Civil Appeals of Texas. Texarkana.
Dec. 5, 1923. Rehearing Denied
Dec. 13, 1923.)

Insurance ☞668(7)—Whether representation of "good health" in application was false held for jury.

Where insured died of tuberculosis about three months after her application for the policies sued on, whether insured in her signed application falsely represented that she was in "good health," and whether she was in good health at the time of delivery of the policies, was for the jury, the evidence being conflicting.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Health.]

Appeal from Bowie County Court; O. B. Pirkey, Judge.

Action by Luberta Moses against the National Life & Accident Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The action is to recover on two policies of life insurance issued to Flora Moses, then 17 years old. The appellee, her sister, was the beneficiary named in the policies. The applications, in writing, for the policies were made March 1, 1922. The policies were delivered to the insured on March 15 and March 29, 1922, respectively. The application for the policies required the insured to

answer certain questions. She was required to make true answers to the following questions, as material to state, viz.: "Are you in good health?" and "Have you ever had asthma, tuberculosis, or any illness or disorder of the brain, lungs, spine, or nervous system," etc., specifying many other diseases. The insured answered the first stated question "Yes" and the next question "No." The application contained and the insured signed the following:

"I do hereby declare that the foregoing answers and statements of facts are strictly correct, complete and truthful, in which there is no suppression of known facts; and I agree that this statement shall form the basis of agreement with the company and if any misrepresentation or agreement or fraudulent or untrue answers have been made that then this agreement shall become null and void and I shall not be entitled to any benefits or privileges under said agreement."

Each policy contained the condition that—

"Unless on the date and delivery of the policy the first payment has been legally made and the applicant is then in sound health" then "no liability is assumed by the company."

The insured died on June 2, 1922, from tuberculosis of the lungs.

The defendant pleaded in avoidance that the facts stated by the insured in the application were untrue, and were false and fraudulent, and made for the purpose of securing the insurance, and that the insurance contract never, by its terms, became effective, because the insured was not at the time in sound health.

The only matter in dispute was as to the condition of the health of the insured. The evidence shows that in the latter part of January, 1922, the insured had the "flu." The evidence respecting her sickness is stated by her two sisters as follows:

"Flora had the flu in January, but was not very sick with it. She did not have a doctor. She was in the house and laid around for about a week or ten days, but never did go to bed. Flora coughed some after she had the flu, but it did not amount to anything."

Further, the sisters say:

"Flora did not have tuberculosis that I know of at the time the applications were written. She did not appear to be sick. * * * She was not complaining and was not taking any medicine and looked well, and helped me about the house and went where she wanted after she got over the flu."

Continuing:

"Flora took down sick about a week or two before she died. We called a doctor for her about two days after she took sick. He sent her some medicine from the drug store. I did not think she was bad sick, and I did not think she was going to die."

The doctor testified:

"I made a call about ten days before she died. She was in bed when I made the call. She was suffering, I judged, from tuberculosis. I didn't make any laboratory or microscopic tests. She was in a condition that there was no hopes for her, she was in an advanced stage of tuberculosis. There is no way I could tell how long she had been suffering. Some people might get to that stage in a few months, others might take years. If she afterwards died on June 2, 1922, in my judgment she must have had that disease in February, 1922; the condition of her lungs was tuberculosis at that time. Judging from her condition I don't think she would be in sound health at any time during March, 1922. However, you are making your questions cover a lot of ground. Tuberculosis is a disease which many people have and do not know it. When the disease is in its incipiency an inexperienced person could not determine whether they have it or not. A person having the flu would likely have an abrasion or place in the lungs where the tubercular germs could get in and go to work. If Flora Moses had the flu in February and subsequent thereto had a cough, then, in my opinion, from the condition I found her in, the tubercular germs were at work in her subsequent to the time she had flu."

The following special issues were submitted to the jury:

"Q. 1. Was the insured in sound health on March 1, 1922, the date she made application for insurance? Answer of jury: Yes.

"Q. 2. Was Flora Moses in sound health on March 15, 1922? Answer of jury: Yes.

"Q. 3. Was Flora Moses in sound health on March 29, 1922? Answer of jury: Yes."

In keeping with the verdict the court entered judgment for the plaintiff.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

LEVY, J. (after stating the facts as above). The proposition stated in appellant's brief present the two points in view that (1) the application made by the insured for the insurance contained untrue statements concerning her health, and (2) the insured was not in sound health at the time the policies were delivered.

The insured made the statement, as a representation for the company to act on, that she was "in good health." Undoubtedly the question related to a matter material to the risk of insurance. And the question of the falsity in fact of the answer is for the jury where the evidence does not conclusively show that such answer was untrue in fact. In this case the evidence on one side goes to show that the insured did have an attack of flu, but not of such character as to produce at the time serious impairment of vital organs. At the time of the application for and delivery of the policies the insured seem-

ingly enjoyed such health and strength as to justify the reasonable belief that she was free from derangement or impairment of organic functions, and free from symptoms calculated to cause a reasonable apprehension of any such derangement. But after the time of delivery of the policies she developed tuberculosis, which quickly caused her death. The time when her vitality became so lowered as to cause tuberculosis to set in may have been before or may have been subsequent to the time of insurance. But such time is not so conclusively shown by the evidence as to authorize the court, as a matter of law, to decide. The medical proof is not conclusive, but only indicates, that the lowered vitality existed and the tuberculosis set in in January or February. The term "good health," as stated in 3 Joyce on Insurance, § 2004—

"when used in a policy of life insurance, means that the applicant has no grave, important or serious disease, and is free from any ailment that seriously affects the general soundness and healthfulness of the system. A mere temporary indisposition which does not tend to weaken or undermine the constitution at the time of effecting insurance does not render a policy void."

The term "good health" is comparative, and does not mean absolute perfection. Consequently the evidence, as decided in the companion case of Tennessee Mitchell (Tex. Civ. App.) 256 S. W. 291, does not satisfactorily negative the answer made by the insured so as to justify saying so as a matter of law.

The court properly and sufficiently submitted the issues to the jury. The question of fact was: Was the insured in good health at the time of the application and at the time of the delivery of the policies? If the jury had answered that she was not, then the court was required to give the legal effect to the fact that the policy was avoided for untrue or false representations. There was therefore no error in refusing the special charges.

The judgment is affirmed.